## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEPHANIE PARKER, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 10-696-LPS |
| | : |
| WAL-MART STORES, INC., et al., | : |
| | : |
| Defendants. | : |

Stephanie Parker, Seaford, Delaware, Pro Se Plaintiff.

## **MEMORANDUM OPINION**

November 8, 2010
Wilmington, Delaware

STARK, U.S. District Judge:

## I.   INTRODUCTION

The Plaintiff, Stephanie Parker ("Parker") of Seaford, Delaware, filed this civil action on

August 19, 2010.  (D.I. 2)  She appears *pro se* and has been granted leave to proceed *in forma*

*pauperis.*  (D.I. 4)  The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C.

§ 1915.


## II.   BACKGROUND

The allegations are difficult to discern.  Parker refers to disability and a work related

injury as well as prejudice.  One sentence of her Complaint reads, in part, "delay of Wal-Mart

Stores Inc., to pay for my unfortunate, documented Wal-Mart Stores Inc. work related injury as

they would if I were white/Caucasian or if I had competent bona fide legal counsel."  (D.I. 2 at 2)

Plaintiff refers to a large scar and inadequate medical treatment and appears to request payment

in the sum of nineteen thousand dollars.  (*Id.* at 5)  She claims that she has been "technically –

broke, since Oct. 24th, 2008," when she received her last check from claims management.  (*Id.* at

7) (internal quotation marks and other punctuation omitted)

Plaintiff also seeks injunctive relief for "vexatious delay" and failure or refusal to comply

with the Delaware Workers' Compensation Act.  (*Id.* at 4)  The Complaint refers to 42 U.S.C.

§ 1981(a) and § 1985(3) as well as Delaware workers' compensation statutes, 19 Del. C. §§

2301,  2304, and 2325.  In addition, Parker submitted exhibits that, in part, refer to her worker's

compensation claim.  Based upon the exhibits and statements contained in the Complaint, it

appears that Parker seeks to recover compensation as a result of a work-related injury.

1

## III.    STANDARD OF REVIEW

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U .S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny,* 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus,* 551 U.S. 89, 93 (2007). Because Parker proceeds *pro se,* her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson,* 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke,* 490 at 327-28; *Wilson v. Rackmill,* 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Parker leave to amend her complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.,* 293 F .3d 103, 114 (3d Cir. 2002).

2

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal,* \_\_\_U.S.\_\_\_, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal,* 129 S.Ct. at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of a complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11.

Second, the court must determine whether the facts alleged in the Complaint are sufficient to show that Parker has a "plausible claim for relief." *Id.* at 211. In other words, the Complaint must do more than allege Plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal,* 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly,* 550 U.S. at 570).

## IV.   **DISCUSSION**

Initially, the Court notes that the Complaint states that this court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1334. Parker then refers to 42 U.S.C. § 1981(a) and (c) and § 1985(3) in an unsuccessful effort to vest this court with jurisdiction. The Complaint does not allege facts

3

that raise a federal question for the Court to consider or that vest this Court with jurisdiction. *See* 28 U.S.C. § 1331. Nor is this a bankruptcy proceeding. *See* 28 U.S.C. § 1334. Finally, it does not appear that the parties are diverse. *See* 28 U.S.C. § 1332.[1]

It seems that Parker's Complaint is related to her worker's compensation claim. The general rule is that the worker's compensation administrative process is the exclusive remedy for an employee who suffers a work-related accident causing personal injury or death. *See* 19 Del. C. § 2304. Delaware Supreme Court precedent holds, however, that "claims that involve a true intent by the employer to injure the employee fall outside of the Workers' Compensation Act and remain separately actionable as common law tort claims." *Rafferty v. Hartman Walsh Painting Co.*, 760 A.2d 157, 159 (Del. 2000). Therefore, Parker must allege facts that, if true, would show that the employer intended to injure her; it is not be enough to allege facts showing that the employer intended to do an action and that she was injured as a result of that action. *See E.E.O.C. v. Avecia*, 151 F. App'x 162, 166 (3d Cir. Oct. 13, 2005) (unpublished). This, she has failed to do.

It is evident that the Complaint does not meet the pleading requirements of *Iqbal* and *Twombly*. Having considered the allegations in the Complaint, to the extent they could be interpreted, the Court finds that the Complaint does not set forth a facially plausible claim. Notably, Plaintiff's exclusive remedy for recovery of a work related injury is under the Delaware Workers' Compensation Act. Accordingly, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1]The burden of establishing diversity jurisdiction is on the party asserting such jurisdiction. *See, e.g., Davis v. Union Pacific Ry. Co.*, 224 Fed. Appx. 190, 191 (3d Cir. May 21, 2007).

4

## V.    CONCLUSION

For the above reasons, the Court will dismiss the Complaint as frivolous pursuant to 28

U.S.C. § 1915(e)(2)(B).  Amendment of the Complaint would be futile.  *See Alston v. Parker*,

363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002);

*Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

STEPHANIE PARKER,            :
                                :

        Plaintiff,          :
                                :

        v.                  : Civ. No. 10-696-LPS
                                :

WAL-MART STORES, INC., et al.,   :
                                :

        Defendants.       :

_____

## ORDER

At Wilmington this 8th day of November, 2010, consistent with the Memorandum

Opinion issued this date, IT IS HEREBY ORDERED that:

    1.      The Complaint is DISMISSED as frivolous pursuant to 28 U.S.C.

§ 1915(e)(2)(B).  Amendment is futile.

    2.      The Clerk of Court is directed to CLOSE this case.

                                  _____

                                  UNITED STATES DISTRICT JUDGE